UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

DERRICK MULLINS,

                         Plaintiff,                       Case No. 19CV6817

        -against-

                                                 COMPLAINT

BAKE & THINGS RESTAURANT INC. and
HUMBLE PIE REALTY LLC,

                       Defendants.

_____

        Plaintiff, LEON ROBINSON (hereinafter "Plaintiff"), through his undersigned counsel, hereby files this Complaint and alleges, as follows:

## INTRODUCTION

        1.      This is an action to redress discrimination on the basis of disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. (the "ADA"), and its implementing regulations, 28 C.F.R. Part 36.  Plaintiff also sets forth claims for unlawful discrimination under the New York State Executive Law (the "Executive Law") § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107.

## PARTIES

        2.      The Plaintiff has Cerebral Palsy.  As a result, Plaintiff utilizes a wheelchair to ambulate. Plaintiff therefore has a disability within the meaning of the ADA. 42 U.S.C. § 12102(2)(A).  Plaintiff also has a physical disability within the meaning of the laws of the City and State of New York.

        3.      Defendant BAKE & THINGS RESTAURANT INC. owns and operates a restaurant known as Bake & Things (hereinafter, the "Restaurant").  The Restaurant is a "place

of public accommodation" within the meaning of Title III of the ADA because its operations affect commerce and, among other things, it is "a restaurant, bar or other establishment serving food or drink." 42 U.S.C. § 12181(7)(B); see 28 C.F.R. § 36.104.

4.      Defendant HUMBLE PIE REALTY LLC owns the property known as 184 East 35th Street, Brooklyn, New York (the "Property"), where the Restaurant is located.

5.      The Restaurant occupies the Property pursuant to written agreement.

6.      The Defendants are jointly and severally liable to Plaintiff for violation of his civil rights under the ADA.

## JURISDICTION and VENUE

7.      This Court has jurisdiction over the ADA claims pursuant to 28 U.S.C. §§ 1331 and 1343, and pursuant to 28 U.S.C. § 1367(a), and the Court has supplemental jurisdiction over Plaintiff's claims brought under the laws of the State and City of New York.

8.      Venue lies in this District pursuant to 28 U.S.C. § 1391(b).  The acts of discrimination alleged in this complaint occurred in this District, and the public accommodation which is the subject of this action is situated in this District.

## STATEMENT OF FACTS

9.      Defendants are required to remove architectural barriers to the physically disabled when such removal is readily achievable for a place of public accommodation that has existed prior to January 26, 1992, 28 CFR § 36.304(a).

10.     In the alternative, if there  has been an alteration to Defendants' place of public accommodation since January 26,1992, then the Defendants are required to ensure, to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR

36.402.

11.     If the Property is one which was designed and constructed for first occupancy subsequent to January 26,1993, as defined in 28 CFR 36.401, then the Defendants' public accommodation must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

12.     Plaintiff regularly attends events in the area where the Property is located.

13.     Plaintiff has sought entry to the Restaurant, the last time prior to the filing of this complaint having been on or about November 18, 2019, but has been unable to enter due to a step at the entrance.

14.     Plaintiff continues is deterred from seeking to patronize the Restaurant as a result of the barrier to his entry, however, he will patronize the Restaurant once the barriers to the disabled at the Restaurant have been remediated.

15.     Prior to commencement of this action, an investigation of the Restaurant was conducted, which revealed the following barriers (all of which were observed by, or discussed with, Plaintiff prior to the filing of the Complaint):

The Restaurant is located at the corner of E 35th Street and Church Avenue. There is no signage indicating where the nearest accessible entrance is, in addition there is no bell to notify employees a disabled patron is outside and in need of assistance.  The entrance to the Restaurant is set back from the sidewalk, and an iron railing runs along the front of the Property, with an opening in front of the entrance to the Restaurant (see Exhibit A).  At the opening, there is a rise of approximately 1 inch, onto a cement slab leading to the door.  Covering the slab is an unsecured mat which appears to be more than ½ inch in thickness and has no trim.  There is a second rise of 4 ½ inches at the door, which opens inward.  No handrails were offered at either

of the rises at the entrance.  Even if the Plaintiff was assisted to enter the facility, he would have no way to exit the building in the case of an emergency.

The Restaurant entrance presents the following barriers:

a)      Due to the lack of any notification system, the Plaintiff is unable to notify employees inside that assistance is needed outside.

b)      Due to the rise up to the platform in front of the door, Plaintiff may not approach the entrance.

c)      Due to rise at the door, Plaintiff in his wheelchair is unable to enter.

d)      The lack of handrails at the rises leading up to the entrance leave disabled patrons without even the assistance of a railing if they chose to try to navigate the steps.

e)      The mat at the entrance is not attached to the ground, has no trim edge and appears thicker than ½ inch so it obstructs Plaintiffs wheels.

Inside, on one side is a 'bar style' table attached to the wall, with 3 backless stools offered.  On the other side bar height table with two bar height chairs offered.  Towards the rear is the order area, consisting of a half wall and glass enclosure.  There are two openings in the glass enclosure where customers place and pick up orders. Both openings are more than 48 inches high, which is too high for the Plaintiff to access from a seated position.  In front of the sales counter is a mat which is not fastened to the floor, the same type as used at the entrance. The mat appears to be thicker than ½ inch and has no trim.

The following barriers are present inside the Restaurant:

f)      Tables are too high to be accessed by the seated Plaintiff.

g)      The sales and pick up windows are too high for the Plaintiff to access from a seated position.

h)    In front of the sales counter is an unfastened mat which obstructs people in wheelchairs from moving freely thru the Restaurant.

i)    The lack of accessible seating leaves Plaintiff's unable to enjoy use of the dining area.

17.    Defendants failed to remove the barriers complained of, even though it is readily achievable to do so (42 USC § 12182(2) (a)).

18.    In the alternative, there are readily achievable alternatives to barrier removal that Defendants could have undertaken and must undertake in order to make the goods, services and facilities offered at the Restaurant accessible to individuals with disabilities.  42 U.S.C. § 2182(b)(2)(A)(v); 28 C.F.R. §§ 36.305 and 36.308.

## CLAIMS FOR RELIEF

## CLAIM I

### READILY ACHIEVABLE BARRIER REMOVAL

19.    It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 16.  By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iii), (iv) and 28 C.F.R. § 36.304.

## CLAIM II

### READILY ACHIEVABLE ALTERNATIVES TO BARRIER REMOVAL

20.    In the alternative, if it is not readily achievable to remove all of the barriers to access set forth in paragraph 16, Defendants must provide readily achievable alternatives to barrier removal as required by 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

21.     By failing to undertake alternatives to barrier removal to the extent it is readily achievable to do so, Defendants have violated Title III of the ADA, 42 U.S.C. § 12182(b)(2) (A)(v) and 28 C.F.R. § 36.305.

## CLAIM III

### FAILURE TO COMPLY WITH THE EXECUTIVE LAW

22.     It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 16.  By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Executive Law § 296(2)(c)(iii).

23.     In the alternative, the Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

## CLAIM IV

### FAILURE TO COMPLY WITH THE ADMINISTRATIVE CODE

24.     The Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of Administrative Code § 8-107(4), by maintaining and/or creating an inaccessible place of public accommodation.

25.     It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 16.  By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Administrative Code § 8-107(4).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiff, containing the following relief:

A.     Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights

of Plaintiff as to the Defendants' place of public accommodation

      B.     Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, including, but not limited to, the violations set forth above.

      C.     Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

      D.     Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages, plus pre-judgment interest, as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

      E.     Pursuant to New York State Civil Rights Law § 40-d, find the Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law;

      F.     Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

      G.     Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

      H.     For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: December 4, 2019

*Donald J. Weiss*
_____
Donald J. Weiss, Esq. (7619)
Attorney for Plaintiff
363 Seventh Avenue, 4th Floor
New York, New York 10001
(212) 967-4440

EXHIBIT A

